IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ENRIQUE LONGORIA | § | |
| | § | C. A. NO. _____ |
| VS. | § | Jury Demand |
| | § | |
| OLD MAW SHRIMP CORPORATION | § | |

B - 00 - 047

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ENRIQUE LONGORIA, Plaintiff, complaining of OLD MAW SHRIMP CORPORATION, hereinafter referred to as Defendant, and for cause of action would respectfully show the Court as follows:

1. Plaintiff is a resident and citizen of Brownsville, Cameron County, Texas.

2. Defendant, OLD MAW SHRIMP CORPORATION, is a Texas Corporation, doing business under the laws of the State of Texas, and service of process may be had by serving its registered agent for service H. Melvin Tower, 604 South Shore Drive, Port Isabel, Texas 78578.

3. At all times material hereto, the Plaintiff was a seaman serving aboard the M/V AUDREY TOWER, an offshore fishing boat, owned, operated, and/or controlled by Defendant.

4. This action is brought pursuant to provisions of the Jones Act, and the general maritime and negligence laws of the United States of America.

5. On or about March 25, 1998, Plaintiff was employed as a seaman aboard the M/V AUDREY TOWER, when Plaintiff was directed by the Captain of the M/V AUDREY TOWER to climb up the upricks to remove a rope that was stuck on the tickling chains. After removing the rope, Plaintiff was

coming back down when he was caused to fall off of the updoor, thereby causing Plaintiff to receive serious, permanent, and disabling injuries. Plaintiff alleges that the negligence of Defendant, their agents, representatives, servants' and/or employees and/or the unseaworthiness of the M/V AUDREY TOWER was the proximate cause of his injuries.

6.  Plaintiff would show that he has sustained severe pain, discomfort, mental anguish, loss of function, physical impairment and distress to date, and that, in all reasonable probability, such injuries and losses will continue into the future. Moreover, Plaintiff has sustained a loss of earnings in the past and a loss of earning capacity in the future. He has incurred in the past and will incur in the future medical, hospital, pharmaceutical, rehabilitative and other expenses in connection with his injuries, all in excess of the minimal jurisdiction of the court.

7.  The Defendant has unreasonably, arbitrarily, willfully and capriciously refused to pay appropriate maintenance to Plaintiff in such sums as are due and owing; and Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide Plaintiff with and pay for medical cure. As the result of Defendant's failure to provide maintenance and to provide and pay for medical cure, Plaintiff is entitled to recover for damages and expenses incurred, including, but not limited to, damages for prolongation and/or aggravation of his injuries, pain and suffering, additional medical expenses, irreparable harm, shame, embarrassment and loss of standing in the community, and loss of credit rating and financial reputation. Plaintiff states that in addition to such maintenance and cure benefits to which he is entitled, he has found it necessary to engage the undersigned attorneys to represent him in this action and that he is entitled to and brings suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due him. Further, Plaintiff states that the unreasonable, arbitrary, willful and capricious refusal of the Defendant to make

adequate maintenance payments to him and/or to contribute necessary funds to provide him with adequate cure shows a willful and wanton disregard for the Plaintiff's physical and financial well being for which the Defendant is punitively liable to him. Therefore, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages, attorney's fees and punitive damages in an amount in excess of the minimum jurisdictional limits of this court, for which he hereby sues.

8. Plaintiff would show that, at the time of the occurrence made the basis of his complaint, he was 32 years old, in reasonably good health, with a life expectancy of 38.5 years, according to <u>Vital Statistics of the United States</u>, 1986, Life Tables, Volume II, Section 6. DHHS Publication No. (PHS) 88-1147, (1988). Plaintiff would further show that he had a work life expectancy of 33 years until the age of 65 years.

9. Plaintiff hereby exercises his right to demand trial by jury.

**WHEREFORE PREMISES CONSIDERED** Plaintiff prays that citation issue and be served upon said Defendant in the form and manner prescribed by law, requiring Defendant to appear and answer herein; that upon final hearing hereon Plaintiff have judgment against Defendant in excess of the minimum jurisdiction of the court, prejudgement interest and post judgment interest at the maximum legal rate, attorney's fees, costs of court, and for all such other relief, both at law and in equity, to which he shows himself justly entitled.

Respectfully submitted,

**DOUGLAS E. DILLEY, P.C.**
**PHIL WATKINS, P.C.**
600 Leopard Street, Suite 1700
Corpus Christi, Texas 78473
(512) 884-4470
(512) 884-4486       FAX

-3-

By: _____
PHIL WATKINS
Attorney in Charge
Federal ID No. 20710
State Bar No. 20927400

**ATTORNEYS FOR PLAINTIFF
ENRIQUE LONGORIA**

-4-