IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENRIQUE LONGORIA | § | |
| | § | |
| VS. | § | C.A. NO. B-00-047 |
| | § | Jury Demand |
| OLD MAW SHRIMP CORPORATION | § | |

## DEFENDANT'S FIRST ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OLD MAW SHRIMP CORPORATION, Defendant in the above-styled and numbered cause, and files this its Original Answer to the Original Complaint heretofore filed by Plaintiff, ENRIQUE LONGORIA, and by way of answer and defense would respectfully show the Court as follows:

I.

1.   This Defendant admits the allegations contained in paragraphs 1, 2 and 3 of Plaintiff's Original Complaint.

2.   This Defendant admits the jurisdictional allegations set out in paragraph 4 of Plaintiff's Original Complaint.

3.   This Defendant denies, each and every, all and singular, the factual allegations of negligence, unseaworthiness, liability and damages alleged by Plaintiff in paragraphs 5, 6, 7 and 8 of Plaintiff's Original Complaint, and demands strict proof thereof.

## II.

## AFFIRMATIVE DEFENSE

4. Pleading in the alternative, this Defendant would show unto the Court that if it be found to be responsible for or in any way the cause of the injuries allegedly sustained by the Plaintiff, then this Defendant would invoke the doctrine of pure comparative negligence and would show unto the Court that any injuries allegedly suffered by Plaintiff were caused, in whole or in part, by Plaintiff's own negligence. Therefore, any amount of damages accruing to the Plaintiff should be reduced by the percentage of Plaintiff's own negligence in effecting his own injuries.

## III

## LIMITATION OF LIABILITY

5. In further pleading in the alternative, if it be found that the Plaintiff has suffered injuries as a result of an unseaworthy or negligent condition existing on board the M/V AUDREY TOWER, then Defendant OLD MAW SHRIMP CORPORATION would seek to limit its liability to the value of the vessel. In further alternative pleading, Defendant would show unto the Court that if any unseaworthy or negligent condition did cause in any way or to any extent an injury to Plaintiff, then such unseaworthy or negligent condition was occasioned or incurred without the privity or knowledge of the Defendant. Any loss or injury sustained by Plaintiff was not caused or contributed to by any fault, neglect or want of care on the part of the Defendant, but was due, in whole or in part, to the negligence of the Plaintiff, and without the privity and knowledge of the Defendant. Defendant therefore prays that it be allowed to limit its liability to the value of the M/V AUDREY TOWER at the end of the journey referred to in the instant action.

WHEREFORE, premises considered, Defendant prays that upon a final hearing hereof, Plaintiff be denied any recovery sought and that Defendant be granted his limitation of liability, plus any and all other relief, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,

By: _____
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant's First Original Answer** has been served upon counsel for the Plaintiff, Mr. Phil Watkins, DOUGLAS E. DILLEY, P.C., PHIL WATKINS, P.C., 600 Leopard Street, Suite 1700, Corpus Christi, Texas 78473, by ☒ certified mail, return receipt requested, and/or by ☐ facsimile, and/or by ☐ hand delivery, on this 26th day of May, 2000.

_____
DENNIS SANCHEZ